848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis TRAHON, Defendant-Appellant.
 No. 87-7730.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1988.
Decided: May 19, 1988.
 
 Edwin C. Walker, Assistant Federal Public Defender, on brief, for appellant.
 Margaret Person Currin, United States Attorney; Thomas P. Swaim, Assistant United States Attorney, on brief, for appellee.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Francis Trahon appeals from an order of the district court committing him to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246 because of mental illness. Trahon contends that the government's evidence was insufficient; that he was denied the right of confrontation because the government produced no witness to testify about efforts to place him in a suitable state institution; and that the district court failed to find whether a suitable state institution was available. We find no merit in these assignments of error and affirm the order of the district court.
 
 
 2
 Pursuant to section 4246(a), the director of the Federal Correctional Institute at Butner, North Carolina, certified that Trahon, a prisoner whose sentence was about to expire, suffers from a mental illness or defect, that his release would create a substantial risk of injury or harm to others, and that suitable arrangements for state custody are not available. The district court appointed counsel for Trahon and conducted a hearing. The court received psychiatric evidence from Dr. William E. Carter, Jr., a psychiatrist at Butner, and Dr. Bob Rollins, a psychiatrist selected by Trahon's counsel and appointed by the court. Both expert witnesses diagnosed Trahon's illness as schizoid personality disorder. Both recognized that his release would create a substantial risk to others because of his illness.
 
 
 3
 Trahon relies on testimony from Dr. Carter that a person with schizoid personality disorder is often unable to express aggressiveness and that Trahon exhibits this feature of the disorder. He also relies on testimony that at Butner he has received no incident reports and has presented no problems to the staff.
 
 
 4
 This evidence, however, is not in conflict with the recommendations of both experts. Dr. Carter also testified that Trahon's good behavior could be attributed to the control exercised at the prison and that Trahon could present a substantial risk of becoming dangerous outside of an institution. We conclude that the district court's findings that Trahon suffers from schizoid personality disorder and that his release would pose a threat of danger to others are supported by clear and convincing evidence.
 
 
 5
 Trahon's second and third assignments of error are not supported by the statute. Section 4246(d) does not require the court to find whether appropriate efforts have been made for state custody. Consequently, there was no occasion for the government to present witnesses on this issue, and Trahon was not denied a right of confrontation. Nor does the statute require the court to find whether a suitable state facility is available. The statute places the responsibility for locating a suitable state facility, if one can be found, upon the Attorney General. The district court directed the Attorney General to seek an appropriate state facility and required the director of any facility to which Trahon is committed to file annual reports on the status of his mental health.
 
 
 6
 The order committing Trahon to the custody of the Attorney General for hospitalization in a mental health facility is affirmed.